## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT HARDRIDGE and JESSICA MERIDA, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>SOUTHEAST KANSAS INDEPENDENT LIVING RESOURCE CENTER, INC., SKIL FISCAL AGENT, INC., and DOES 1-10<br><br>        Defendants. | Case No.:_____<br><br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, ROBERT HARDRIDGE ("Hardridge") and JESSICA MERIDA ("Merida") (collectively, "Plaintiffs"), by and through the undersigned attorneys, bring this Complaint against Defendants, SOUTHEAST KANSAS INDEPENDENT LIVING RESOURCE CENTER, INC. ("SKIL Resource Center"), SKIL FISCAL AGENT, INC. D/B/A INDEPENDENT STRIDES HOME HEATH ("SKIL Fiscal Agent" or "Independent Strides") and DOES 1-10 ("Does Defendants") (collectively, "Defendants") individually and on behalf of all similarly situated individuals and state as follows:

### INTRODUCTION

1.      This is a class and collective action brought by Plaintiffs on their own behalf and on behalf of all similarly situated current and/or former employees of Defendants to recover for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and other appropriate rules, regulations, statutes, and ordinances.

2.      SKIL Resource Center is a nonprofit entity incorporated and doing business in Kansas. SKIL Resource Center describes itself as an "Independent Living Resource Center" which

provides "consumer-controlled, community-based, cross-disability nonresidential private nonprofit agency" and "an array of independent living services."[1] *See* SKIL Resource Center Annual Report, attached hereto as Exhibit 1.

3.      SKIL Fiscal Agent is a nonprofit entity incorporated and doing business in the State of Kansas. According to its Articles of Incorporation, SKIL Fiscal Agent's goals are to "[p]rovide resources to people with disabilities," "[p]rovide services to people with disabilities," and to "[a]ssist people with disabilities in staying independent and live in the community and home of their choice." *See* SKIL Fiscal Agent Annual Report, attached hereto as Exhibit 2.

4.      Based on information and belief, SKIL Fiscal Agent is doing business as "Independent Strides Home Health." SKIL Fiscal Agent (referred to hereafter as "Independent Strides"), holds itself out as a home care service which "offer[s] patients a comprehensive array of in-home health care services . . . ."[2]

5.      Based on information and belief, SKIL Resource Center and Independent Strides operate as one company and were joint employers of Plaintiffs. By way of example, SKIL Resource Center and Independent Strides share the same Chairman, the same Vice Chairman, the same Treasurer, the same President, the same Registered Agent, the same mailing address, the same address for the location of their principal office, and the same business website.

6.      Defendants employ individuals, such as Plaintiffs, as Caregivers to provide direct care services in individuals' homes.

7.      Defendants employed Plaintiffs and other similarly situated current and/or former

---

[1] *What is SKIL?*, SKIL Resource Center INC., http://www.skilonline.com/index.php/what-is-skil-mainmenu-113 (last visited August 15, 2018).
[2] *Home Health*, SKIL Resource Center INC., http://www.skilonline.com/index.php/services-mainmenu-130/home-health-mainmenu-181 (last visited August 15, 2018).

employees of Defendants to work in excess for forty (40) hours in a workweek without being compensated overtime premiums as required by the FLSA. Additionally, based on information and belief, SKIL Resource Center and Independent Strides willfully evaded their overtime obligations under federal law by, *inter alia*, structuring the business as two corporations and splitting hours worked between the two entities.

8.    The U.S. Department of Labor specifically condemns an employer's non-payment of overtime: "Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay." *See* DOL Fact Sheet #23 at 1, attached hereto as Exhibit 3. In 2015, the U.S. Department of Labor further recognized that "third party employers of direct care workers (such as home care staffing agencies) are not permitted to claim either the exemption for companionship services or the exemption for live-in domestic service employees." *See* DOL Fact Sheet: Application of the Fair Labor Standards Act to Domestic Service, Final Rule, attached hereto as Exhibit 4. Additionally, the FLSA requires that "[w]here a joint employment relationship exists, each of the employers must ensure that the employee receives all employment-related rights . . . ." *See* DOL Fact Sheet #35 at 2, attached hereto as Exhibit 5.

9.    Plaintiffs bring this action on behalf of themselves and all other similarly situated hourly employees of Defendants, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et*

*seq.*

11.    This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

12.    Upon information and belief, Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A). Defendants' employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

13.    This Court has personal jurisdiction over Defendants because they are incorporated and headquartered within the State of Kansas, conduct business within the State of Kansas, and are both registered with the Kansas Secretary of State.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants employ personnel in this District and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

15.    Robert Hardridge is an individual who resides in the County of Labette, City of Parsons, Kansas. Hardridge was employed by Defendants as a caregiver from approximately December 22, 2017 to the present day. Hardridge brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and his Consent to Sue is attached hereto as Exhibit 6.

16.    Jessica Merida is an individual who resides in the County of Cherokee, City of Scammon, Kansas. Merida was employed by Defendants as a caregiver from approximately September 2017 to the present day. Merida brings this action on behalf of herself and all other

similarly situated individuals pursuant to 29 U.S.C. § 216(b), and her Consent to Sue is attached hereto as Exhibit 7.

17.    Plaintiffs and the members of the putative FLSA Collective Class are current and/or former hourly paid employees of Defendants.

18.    SKIL Resource Center is a Kansas corporation headquartered and doing business in Kansas. Defendant SKIL Resource Center can be served through its Registered Agent, Shari Coatney, at 1801 Main Street, Parsons, Kansas 63757.

19.    SKIL Fiscal Agent d/b/a Independent Strides is a Kansas corporation headquartered and doing business in Kansas. Independent Strides can be served through its Registered Agent, Shari Coatney, at 1801 Main Street, Parsons, Kansas 63757.

20.    Plaintiffs do not know the true names and capacities, whether individual, partner, or corporate, of the Defendants sued herein, and for that reason, Defendants are sued under such fictitious names DOES 1-10. Plaintiffs will seek leave from this Court to amend this Complaint when the true names and capacities of the Defendants are discovered.

## GENERAL ALLEGATIONS

21.    Hardridge currently works for SKIL Resource Center and Independent Strides where he has been employed by Defendants as a Caregiver since December 22, 2017. Hardridge's primary job duties as a Caregiver include, but are not limited to, helping elderly or disabled clients with personal care, personal hygiene, dressing, preparing meals, eating, and mobility.

22.    Hardridge is compensated by Defendants on an hourly basis. Plaintiff's hourly rate is $10.00 per hour for all work performed under the SKIL Resource Center entity name. Plaintiff's hourly rate is $8.00 per hour for all work performed under the Independent Strides entity name.

23.    Hardridge regularly works in excess of (40) hours per workweek. In fact, Hardridge

regularly works sixty (60) hours per workweek. Defendants schedule Hardridge to work thirty (30) hours per workweek under the SKIL Resource Center entity name and another thirty (30) hours per workweek under the Independent Strides entity name. *See e.g.*, Hardridge Paystubs, attached hereto as Exhibit 8.

24.    At all times relevant, Defendants paid Hardridge his straight hourly rates of pay for all hours worked and withheld wages at one and one-half times his hourly rates of pay when he worked more than forty (40) hours in a workweek.

25.    Merida has been employed by Defendants working under the SKIL Resource Center entity name as a Caregiver since approximately September 2017. Merida's primary job duties as a Caregiver include, but are not limited to, helping elderly or disabled clients with personal care, personal hygiene, dressing, preparing meals, eating, and mobility.

26.    Merida is compensated by on an hourly basis. Merida's hourly rate is $9.89 per hour for all work performed under the SKIL Resource Center entity name.

27.    Merida regularly worked in excess of forty (40) hours per week. In fact, Merida occasionally worked as much as one hundred-twenty (120) hours per week. *See e.g.*, Merida Paystubs, attached hereto as Exhibit 9.

28.    At all times relevant, Defendants paid Merida her straight hourly rates of pay for all hours worked and withheld wages at one and one-half times his hourly rates of pay when she worked more than forty (40) hours in a workweek.

29.    The FLSA provides that:

> No employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

> 29 U.S.C. § 207(a)(1).

30.     At all times relevant to this Complaint, Defendants suffered or permitted Plaintiffs and other similarly situated former and/or current employees to routinely perform work in excess of forty (40) hours per week without compensating Plaintiffs and other employees at the federally-required overtime rate of one and one-half times their standard rate of pay.

31.     Defendants knew or should have known that, as of January 1, 2015, the FLSA's domestic companionship service employment exemption, 29 U.S.C. § 213(a)(15), could no longer be claimed by third party employers of direct care workers and was neither intended to exempt, nor by proper statutory interpretation does exempt, employees of businesses—such as Defendants. *See* Exhibit 4.

32.     Defendants knew or should have known that, under the FLSA, Plaintiffs should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable hours worked in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

33.     Despite this, Defendants entirely failed to pay Plaintiffs and similarly situated current and/or former employees at the overtime rate of one and one-half times their regular rate for all work performed by Plaintiffs and other employees which was, for each employee, in excess of forty (40) hours per week.

34.     Defendants willfully, or in reckless disregard, engaged, adopted and then adhered to their policy and practice of withholding overtime pay from Plaintiffs and other similarly situated former and/or current employees. This policy resulted in Plaintiffs and other similarly situated former and/or current employees not being paid correctly in violation of the FLSA.

*Joint Employer*

35.     The Tenth Circuit has held that multiple employers may be considered joint

7

employers where the employers "co-determine the essential terms and conditions of employment." *Bristol v. Bd. of Cnty. Comm'rs,* 312 F.3d 1213, 1218 (10th Cir. 2002). Where joint employment exists, each employer has a duty to ensure that the rights provided by the FLSA are enforced as to each employee affected by the joint employment.

36.    Based on information and belief, SKIL Resource Center and Independent Strides were members of, and engaged in, a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership or common enterprise in employing Plaintiffs and other similarly situated current and/or former employees.

37.    Further, Plaintiffs are informed and believe, and allege thereon, that at all relevant times, each of the Defendants, including DOES Defendants, whether individual, partner, corporate, was and is responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiffs, and the similarly situated class, to be subject to the unlawful acts and practices complained of herein.

38.    At all times relevant, Defendants, including DOES Defendants, were members of, and engaged in, a joint venture, partnership, and common enterprise, and were acting within the course and scope of, an in pursuance of said joint venture, partnership or common enterprise.

39.    SKIL Resource Center describes itself as an "Independent Living Resource Center" which provides "consumer-controlled, community-based, cross-disability nonresidential private nonprofit agency" and "an array of independent living services."[3]

40.    Independent Strides holds itself out as a home care service which "offer[s] patients

---

[3] *What is SKIL?*, SKIL Resource Center INC., http://www.skilonline.com/index.php/what-is-skil-mainmenu-113.

a comprehensive array of in-home health care services . . . ."[4]

41.    Upon information and belief, SKIL Resource Center and Independent Strides operate as one company.

42.    SKIL Resource Center and Independent Strides share the same Chairman, the same Vice Chairman, the same Treasurer, the same President, the same Registered Agent, the same mailing address, the same address for the location of their principal office, and the same business website. *Cf.* SKIL Resource Center Articles of Incorporation, attached hereto as Exhibit 1, with SKIL Fiscal Agent Articles of Incorporation, attached hereto as Exhibit 2; *see also* http://www.skilonline.com/index.php/services-mainmenu-130/home-health-mainmenu-181 (advertising Independent Strides as a component of SKIL Resource Center Inc.)

43.    Based on information and belief, SKIL Resource Center was responsible for issuing payment to both its own employees and employees of Independent Strides.

44.    Defendants knew or should have known that, under the FLSA, Plaintiffs should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable hours worked in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

45.    Accordingly, Defendants willfully, or in reckless disregard, structured their businesses as separate entities—despite truly operating as one company—so as to avoid paying their employees overtime owed under the FLSA.

46.    Defendants knew or should have known that, as joint employers, this structure to avoid paying owed overtime premiums resulted in Hardridge and other similarly situated former

---

[4] *Home Health*, SKIL Resource Center INC., http://www.skilonline.com/index.php/services-mainmenu-130/home-health-mainmenu-181.

and/or current employees not being paid correctly in violation of the FLSA because joint employers must compensate employees who are simultaneously working for both companies at the overtime premium of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of the following classes:

> **a.     *Joint-Employer Class***
>
> All current and former Caregivers or other job titles performing similar job duties employed jointly by SOUTHEAST KANSAS INDEPENDENT LIVING RESOURCE CENTER, INC., and SKIL FISCAL AGENT, INC. (d/b/a Independent Strides) at any time during the last three years who were not paid overtime wages earned.
>
> **b.     *SKIL Resource Class***
>
> All current and former Caregivers or other job titles performing similar job duties employed by SOUTHEAST KANSAS INDEPENDENT LIVING RESOURCE CENTER, INC. at any time during the last three years who were not paid overtime wages earned.

Plaintiffs reserve the right to amend these definitions if necessary. Plaintiffs propose Robert Hardridge as the class representative for the Joint Employer Class and Jessica Merida as the class representative for the SKIL Resource Class.

48.     Plaintiffs do not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were correctly paid overtime for all qualifying overtime hours worked.

49.     *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is

appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' policies of not paying their employees overtime at a rate of one-and-one-half times their regular rate for all compensable time worked); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendants and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

50.     Upon information and belief, there are numerous other similarly situated current and/or former Caregivers or other job titles performing similar job duties who worked in excess of forty (40) hours per week and were not compensated their correct overtime wages. The precise number of collective Class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

51.     Plaintiffs share the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

52.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

53.     At all times relevant to this action, SKIL Resource Center and Independent Strides were "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

54.     Upon information and belief, Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29

U.S.C. § 203(s)(1)(A).

55.     Plaintiffs either were (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce and therefore, they are also covered by the FLSA on an individual basis.

56.     At all times relevant to this action, Hardridge and Merida were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

57.     The position of Caregiver is not exempt from the FLSA.

58.     Defendants' other job titles performing similar job duties are not exempt from the FLSA.

59.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

60.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

61.     Defendants violated the FLSA by failing to pay Plaintiffs the federally-mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

62.     Upon information and belief, Defendants have corporate policies and practices of evading overtime pay for their hourly workers for all compensable time worked.

63.     Upon information and belief, Defendants structured SKIL Resource Center and Independent Strides as separate entities so as to avoid paying employees their earned overtime wages.

64.     Defendants' violations of the FLSA were knowing and willful.

65.     By failing to compensate Defendants' hourly employees at a rate not less than one

and one-half times their regular rate of pay for off-the-clock work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated employees are victims of a uniform and company-wide policies which operate to compensate employees at a rate less than the federally mandated overtime wage rate. These uniform policies, in violation of the FLSA, have been, and continues to be, applied to all employees who have worked or are working for Defendants in the same or similar position as Plaintiffs.

66.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs request the following relief:

a.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.     Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective Class members, and permitting Plaintiffs to send notice of this action to all similarly situated employees, including the publishing of notice in a manner that is reasonably calculated to apprise said employees of their rights by law to join and participate in this lawsuit;

c.     Designating Robert Hardridge as the FLSA Collective Class Representative for the Joint-Employer Class;

d.     Designating Jessica Merida as the FLSA Collective Class Representative for the SKIL Resource Class;

e.     Appointing undersigned counsel as FLSA Collective Class counsel with respect to Plaintiffs' FLSA claims;

f.     Declaring that Defendants violated their obligations under the FLSA;

g.     Declaring that Defendants willfully violated the FLSA and its attendant regulations

as set forth above;

h.    Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of the prescribed number of hours per week for the past three years for the Class;

i.    Awarding liquidated damages to Plaintiffs, in an amount equal to the amount of unpaid wages found owing to Plaintiffs; and awarding Plaintiffs and the Class members all other available compensatory damages available by law;

j.    Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

k.    Awarding pre- and post-judgment interest to Plaintiffs on these damages;

l.    Awarding all legal and equitable relief to Plaintiffs under the FLSA; and

m.    Such further relief as this court deems appropriate.

## **JURY DEMAND**

Plaintiffs demand a trial by jury of all claims asserted in this Complaint.

## **DESIGNATION OF PLACE FOR TRIAL**

Pursuant to Local Rule 40.2, Plaintiffs Robert Hardridge and Jessica Merida

hereby designate Kansas City, Kansas as the place of trial.

Dated: October 11, 2018

                                          */s/ J. Brett Milbourn*
                                          J. Brett Milbourn      KS Bar # 17243
                                            Thomas V. Bender     KS Bar # 22860
                                            **HORN AYLWARD & BANDY LLC**
                                            2600 Brand Boulevard, Suite 1100
                                            Kansas City, MO 64108
                                            Telephone: (816) 421-0700
                                            Facsimile: (816) 421-0899
                                            bmilbourn@hab-law.com
                                            tbender@hab-law.com

Tim J. Becker (MN Bar No. 0256663; *Pro Hac Vice forthcoming*)
Jennell K. Shannon (MN Bar No. 0398672; *Pro Hac Vice forthcoming*)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
tbecker@johnsonbecker.com
jshannon@johnsonbecker.com

*Counsel for Plaintiffs*