### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

| | |
|---|---|
| ROBERT HARDRIDGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:18-cv-02544-CM-JPO |
| ) | |
| SOUTHEAST KANSAS INDEPENDENT ) | |
| LIVING RESOURCE CENTER, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION TO APPROVE SETTLEMENT OF COLLECTIVE ACTION CLAIMS AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Robert Hardridge and Jessica Merida ("Collective Class Representatives") and Defendants Southeast Kansas Independent Living Resource Center, Inc. ("SKIL Resource") and SKIL Fiscal Agent Inc. ("SKIL Fical")(SKIL Resource and SKIL Fiscal, together, "Defendants") jointly move the Court for an order approving the Settlement Agreement and Release attached hereto as Exhibit 1. In support of this Motion, the parties jointly submit the following:

I. <u>Nature of the matter before the Court</u>

The Motion before the Court is the parties' joint request to approve a settlement of a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

II. <u>Statement of Facts</u>

This case was brought by the Collective Class Representatives on behalf of themselves and two putative classes of individuals alleging that Defendants violated the FLSA by failing to pay them overtime required by the FLSA. Defendants denied and continue to deny that they owe unpaid wages or overtime compensation to the Collective Class Representatives or any other person.

1

On May 20, 2019, the Court granted the parties' joint motion to conditionally certify a collective action and certified two collective action classes as stipulated by the parties. ECF Doc. No. 32, Order on Joint Motion to Conditionally Certify a Collective Action and Proposed Notice Procedures. The certified classes are defined as follows:

> <u>Joint Employer Class</u>: All current and former personal care attendants, or other job titles performing similar job duties, employed by any combination of Southeast Kansas Independent Living Resource Center, Inc., SKIL Fiscal Agent, Inc., and/or individual consumers who utilized any payroll-related services provided by Southeast Kansas Independent Living Resource Center, Inc. or SKIL Fiscal Agent Inc. between October 11, 2015 and the present who were not paid overtime wages earned.
>
> <u>SKIL Resource Class</u>: All current and former personal care attendants, or other job titles performing similar job duties, employed by Southeast Kansas Independent Living Resource Center, Inc. between October 11, 2015 and the present who were not paid overtime wages earned.

On or about July 12, 2019, the Collective Class Representatives, with the Court's approval, sent a notice of this legal matter and consent to become a party plaintiff forms to approximately 1,420 persons that were deemed to be part of the conditionally certified collective classes. On or about July 23, 2019, consent to become party plaintiff forms were re-mailed to 147 persons that were deemed to be part of the conditionally certified collective classes. After the deadline for returning consent forms, 224 individuals ("Collective Class Members") have opted into this lawsuit.

The Collective Class Representatives and Defendants have exchanged initial factual disclosures, discovery, and other information pursuant to Court rules, exchanged and reviewed pay and time keeping data, and such discovery has enabled each party to understand and assess the detail and substance of their respective claims and defenses. Defendants deny that they employed or jointly employed the Joint Employer Collective Class Members and contend those individuals were employed by individual consumers. Defendants filed a Motion for Summary Judgment on

2

the claim that Defendants are employers or joint employers of the Collective Class Members in the Joint Employer Class. ECF Doc. No. 43 & 44.

The Collective Class Representatives believe that the claims asserted in this lawsuit have merit and that the evidence developed to date in this litigation support the claims they asserted. However, Defendants deny these claims, and the Collective Class Representatives recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this case through trial and appeals. The Collective Class Representatives also have taken into account the uncertainty and risks inherent in any litigation, especially complex cases like this action, and they believe that the settlement set forth in the Settlement Agreement and Release confers substantial benefits upon the Collective Class Members. Based on their evaluation, Collective Class Representatives and Collective Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Collective Class Representatives and each of the Collective Class Members.

On October 8, 2019, the parties attended a mediation with mediator Teresa Woody, during which they engaged in lengthy negotiations. After a full day of negotiations, the parties reached an agreement in principle to resolve this dispute and executed a Memorandum of Understanding setting forth the material terms of the settlement.

The basic terms of the agreement are as follows:

1. There are 224 Collective Class Members who have opted in to this lawsuit.

2. Each Collective Class Member will be paid a portion of $131,814.99 (the amount of the Settlement Fund less attorneys' fees and costs and less enhancement payments to the Collective Class Representatives). Each Collective Class Member designated as being a member of the SKIL Resource Collective Class will receive 100 percent of the Collective Class Member's

3

alleged unpaid overtime wages for the two-year time period preceding the filing of this lawsuit, with no member receiving less than $100.00. Each Collective Class Member designated as being a member of the Joint Employer Collective Class will receive 25.5 percent of the Collective Class Member's alleged unpaid overtime wages for the two-year period preceding the filing of this lawsuit, with no member of the Joint Employer Collective Class receiving less than $100.00. The payouts to each of the Collective Class Members under these formulae have been determined and are attached as Exhibit B to the Settlement Agreement and Release.

3. The Collective Class Representatives each will receive an enhancement payment in the amount of $4,000.

4. A "buffer pool" of $68.71 will be set aside from the Settlement Fund to compensate Collective Class Members who contest the amount of their settlement payment.

5. The parties have agreed that Defendants will be responsible for mailing a notice of settlement and the settlement payments to the Collective Class Members. The proposed notices are attached as Exhibit C to the Settlement Agreement and Release.

6. Upon filing of a motion by Collective Class Counsel for an award of attorneys' fees and expenses, and subject to the Court's approval, the parties have agreed that Defendants will pay the sum of $75,000.00 for attorneys' fees and $10,697.11 for expenses and costs incurred by Collective Class Counsel in the prosecution of this matter. Defendants and Collective Class Representatives agree that the payment of these attorneys' fees and expenses is fair and reasonable.

4

III.     Question Presented

Should the settlement expressed in the Settlement Agreement and Release (Exhibit 1) be approved by this Court?

IV.     Argument

A settlement of claims brought under the FLSA must be presented to the district court for its "review and a determination whether the settlement is fair and reasonable." *Gardner v. Sprint/United Management Co.*, 2009 WL 1917408, at *1 (D. Kan. Jul. 2, 2009). For the Court to approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. . . . The FLSA also requires that a settlement agreement include an award of reasonable fees." *Id.* (internal citations omitted).

     A.     Bona Fide Dispute

The settlement of the instant action involves a bona fide dispute. Collective Class Representatives allege that Defendants failed and refused to pay overtime wages to them and the other Collective Class Members. Defendants deny that they owe unpaid wages or overtime compensation to the Collective Class Representatives, the Collective Class Members, or any other persons. Defendants contend that they properly compensated the Collective Class Members and all others person who they actually employed. Defendants also deny that they employed or jointly employed the individuals in the Joint Employer Collective Class. The parties engaged in discovery and participated in mediation with a neutral third party involving extensive arms-length negotiations. To avoid the uncertainty, risks, and expense of continued litigation, the parties each decided to resolve the lawsuit according to the terms set forth in the Settlement Agreement and Release (Exhibit 1).

5

B.    <u>Settlement is Fair and Reasonable</u>

The settlement proposed by the parties is fair and reasonable. As with most cases alleging denial of overtime compensation under the FLSA, this case involves complex questions of fact and law that make the outcome of continued litigation uncertain. In addition, Defendants filed a Motion for Summary Judgment on the claim that Defendants are employers or joint employers of the Collective Class Members in the Joint Employer Collective Class. Thus, the Joint Employer Collective Class Members would first have to prove that either or both Defendants employed them in addition to proving that they worked overtime for which they were not paid. This is a difficult proposition, thereby making resolution of this matter fair and reasonable. The proposed settlement will pay the SKIL Resource Collective Class Members 100 percent of their alleged unpaid overtime wages for a two-year period, and the Joint Employer Collective Class Members will receive 25.5% of their alleged unpaid overtime wages for a two-year period. Collective Class Counsel allocated the percentage of wages to each Collective Class based on the respective strength of the legal arguments with regard to Defendants' alleged employment of the members of each of the Collective Classes. Given these financial terms, it is unlikely that any Collective Class Member would recover more as a result of continued litigation.

C.    <u>Settlement Includes Award of Attorneys' Fees</u>

Under the proposed settlement, Defendants will pay Collective Class Counsel's attorneys' fees and costs.[1] It will also pay any costs associated with mailing the settlement notice and the settlement payments. These fees and costs will have no affect on the amount of recovery to Collective Class Members.

---

[1] Collective Class Counsel will file a separate Unopposed Motion for Attorney's Fees and Costs contemporaneous with this Motion.

6

## V. Conclusion

For the reasons set forth herein, the parties jointly respectfully request that the Court approve the settlement of this case as set forth in the Settlement Agreement and Release.

| | |
|---|---|
| Date:  February 6, 2020 | Respectfully submitted, |

/s/ Timothy J. Becker
Timothy J. Becker (MN Bar No. 0256663; *admitted pro hac vice*)
Jennell K. Shannon (MN Bar No. 0398672; *admitted pro hac vice*)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
tbecker@johnsonbecker.com
jshannon@johnsonbecker.com

J. Brett Milbourn         KS Bar # 17243
Thomas V. Bender        KS Bar # 22860
**HORN AYLWARD & BANDY LLC**
2600 Brand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
bmilbourn@hab-law.com
tbender@hab-law.com

ATTORNEYS FOR PLAINTIFFS

and

/s/ Patricia A. Konopka
Patricia A. Konopka, KS # 45477
Ashley E. Dillon, KS # 26292
**STINSON LLP**
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Tel:  (816) 842-8600
Fax:  (816) 691-3495
Email:  pat.konopka@stinson.com
Email:  ashley.dillon@stinson.com

ATTORNEYS FOR DEFENDANTS

8

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available to all electronic filing participants.

*/s/ Patricia A. Konopka*
Attorney for Defendants